**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4554**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY DWAYNE MACK,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:22-cr-00001-TSK-MJA-1)

---

Submitted:  January 30, 2024                                Decided:  February 5, 2024

---

Before KING, AGEE, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF**:  Sherman L. Lambert, Sr., LAW OFFICE OF SHERMAN L. LAMBERT, SR., Shepherdstown, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Dwayne Mack pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Mack expressly conditioned the plea on his right to appeal the district court's order accepting the magistrate judge's recommendation and denying his motion to suppress. The court thereafter sentenced Mack to 121 months' imprisonment. Finding no reversible error, we affirm.

When considering a district court's denial of a suppression motion, we "review legal conclusions de novo and factual findings for clear error [and] . . . consider the evidence in the light most favorable to the Government." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (citation and internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *Id.* (internal quotation marks omitted).

Mack argues that the district court erred in denying his motion to suppress evidence obtained during a traffic stop. Specifically, he maintains that the court erred in finding that the police officer had probable cause to stop Mack's vehicle based on a traffic violation or, alternatively, because the officer had reasonable suspicion that Mack was engaged in criminal activity. The temporary detention of a person during a routine traffic stop, "even if only for a brief period and for a limited purpose," constitutes a seizure of a person within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809 (1996); *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008). Thus, an automobile stop must not be unreasonable under the circumstances. *Whren*, 517 U.S. at 810. Observation of any

2

traffic violation, no matter how minor, gives an officer probable cause to stop the driver. *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993).

The district court found credible the police officer's testimony that he stopped Mack for crossing the center line, in violation of W. Va. Code § 17C-7-1(a). The officer had a better vantage point to observe Mack's vehicle, and another officer corroborated this testimony. Moreover, although Mack's passenger testified that Mack did not cross the center line, she was at least partially distracted, she was not "100% sure" the car did not cross the center line, and she was not a disinterested witness. Lastly, because Mack refused to answer whether something was happening with his passenger's phone on the dashboard of the car, the court believed that either Mack, or the passenger, or both, was likely distracted. We have reviewed the record and conclude that the district court's credibility findings are not clearly erroneous.[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because we conclude that the district court did not err in finding that the officer had probable cause to stop Mack based on a traffic violation, we need not address Mack's challenge to the district court's determination that the stop was also justified based on the officer's reasonable suspicion that Mack was engaged in criminal activity.

3